On December 11, 1922, Bessie Jones filed her petition in the county court of Creek county, for the appointment of herself as guardian of the person of Martha Boswell, and for the appointment of I.F. McGee as guardian of the estate of Martha Boswell. Upon hearing of this cause in the county court, I.F. McGee was appointed guardian of the estate, and D.L. Taylor, an uncle, was appointed guardian of the person. The petition sets forth that D.L. Taylor is an uncle of Martha Boswell, and that the latter resides with her uncle in Salina, Kan.; that Martha Boswell is incompetent to manage and handle her lands situated in Creek county. The record further shows that Martha Boswell is a Creek freedman, and became of age on December 24, 1922. D.L. Walker made a special appearance and motion to quash the personal service made on Martha Boswell of Salina, Kan. D.L. Taylor, who was appointed as the guardian of the person of Martha Boswell, appealed the cause to the district court, where it was tried de novo on January 15, 1923, presumably on an agreed statement of facts purported to have been filed in the cause on the date of trial.
On the trial D.L. Walker renewed his special appearance and motion to quash service, contending that the personal service so made was insufficient to confer jurisdiction on the district court to try the cause. The judgment of the court recites that the cause was submitted for trial upon the agreed statement of facts, and further sets forth that the special appearance and motion to quash is sustained because service as made upon Martha Boswell was insufficient to confer jurisdiction upon the court. The court reversed the action of the county court, and remanded with directions to dismiss the proceedings, apparently basing its action on the insufficiency of the service.
The record shows that Martha Boswell became of age on December 24, 1922, and in order for I.F. McGee to be entitled to appointment as guardian of the estate of Martha Boswell, in any event it was incumbent upon the petitioner to show that the said Martha Boswell was incompetent to care for her estate. The agreed statement of facts, upon which the judgment recites the cause was submitted, contains no statement or admission that Martha Boswell was incompetent, and so far as the record shows, she was entirely capable of managing and taking care of her estate. So the court would have been warranted in reversing and remanding the cause upon the agreed statement of facts, and any other judgment would have been contrary to the evidence upon which the cause was submitted. As McGee, who was seeking appointment as guardian of the estate, wholly failed to show any cause for the appointment of himself or any other person as guardian of the estate of Martha Boswell, we do not deem it necessary or proper to pass upon any other questions presented by the record.
Therefore we recommend that the judgment be affirmed.
By the Court: It is so ordered. *Page 193